The Plan Proponent

By: <u>/s/ Robert J. Morje</u> _____
      Robert J. Morje, Attorney for the Plan Proponent

8.03 <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04 <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05 <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06 <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law including the Code or the Federal Rules of Bankruptcy Procedure, the laws of the State of Ohio govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07 <u>Corporate Governance</u>. The By-Laws of the Corporation will be amended pursuant to 11 USC Section 1123 (a) (6) to prohibit the issuance of nonvoting equity securities to the extent presently allowable thereunder. If multiple classes of securities possessing voting power are permitted by said By-Laws, there being only once class of shares presently issued and outstanding, a prohibition of the issuance of additional classes of shares shall be adopted.

## ARTICLE IX
## DISCHARGE

9.01 <u>Discharge</u>. On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

## ARTICLE X
## OTHER PROVISIONS

NONE

Respectfully submitted,

High Market Corporation by Paula Herb, President.

By:<u>/s/ Paula Herb, President</u>

5.03    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI
# PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII.

Lease of debtor with Town Street Associates dba Japanese Steak House.

(b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the effective date of this Plan.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

# ARTICLE VII
# MEANS FOR IMPLEMENTATION OF THE PLAN

The plan will be funded by the ongoing operations of the debtor, specifically the management of the commercial building at 473-479 N. High Street Columbus.  Gross revenue from the building exceeds $ 8000 per month on the average, sufficient to pay current expenses including taxes, insurance, and maintenance, as well as the payments contemplated by the plan.

Current equity holders, Phil and Paula Herb, will retain their exclusive ownership interest in High Market Inc. and continue to provide management services with respect to the building, the sole asset of the corporation.

# ARTICLE VIII
# GENERAL PROVISIONS

8.01    Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:  [Insert additional definitions if necessary].

8.02    Effective Date of Plan.  The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – Priority Claims | unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan as defined in Article VII, or the expiration of 4 years from the effective date of the plan. |
| Class 2 – Secured Claims of Fifth Third Bank | Impaired | Class 2 consists of the mortgage claims of Fifth Third Bank secured by the real estate owned by the debtor located at 473-479 North High Street, Columbus Ohio. Said claims are fully secured, and shall be paid, commencing on the effective date of the plan, in equal monthly installments of $ 2300   as to the first mortgage and  $ 200   as to the second mortgage, the same representing a payment sufficient to amortize the respective loans over a period of 30 years with interest at the rate of 4.5 % per annum.  Both loans will be paid in full by refinance within 10 years of the effective date of the plan. |
| Class 3 – General Unsecured Creditors | unimpaired | Unsecured claims shall be paid in full within 30 days of the effective date of the plan. |
| Class 4 – Equity Security Holders of the Debtor | unimpaired | Equity security holders will retain their interest in the corporation, in exchange for continuing management services. |

| Class | Impairment | Treatment |
|---|---|---|
| Class 5 – Tenants | impaired | Rights of tenants to possession pursuant to leases existing at the commencement of the case shall remain in full force and effect.  Tenants without current leases shall retain such rights as exist under Ohio Law.  Claims of tenants arising pre-petition asserting breaches of leases or other claims related to anticipated loss of possession shall be disallowed in their entirety and are deemed disputed for all purposes herein. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01   <u>Disputed Claim</u>.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02   <u>Delay of Distribution on a Disputed Claim</u>.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

    2.03    <u>Class 3</u>.    All unsecured claims allowed under § 502 of the Code.

    2.04    <u>Class 4</u>.    Equity interests of the Debtor

    2.05    <u>Class 5.</u>    Claims based on rights of possession and pursuant to leases of tenants.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

    3.01    <u>Unclassified Claims</u>.  Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes.

    3.02    <u>Administrative Expense Claims</u>.  Each holder of an administrative expense claim allowed under § 503 of the Code, [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

    3.03    <u>Priority Tax Claims</u>.  Each holder of a priority tax claim will be paid in full within 4 years of the effective date of the plan.

    3.04    <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. § 1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

    4.01    Claims and interests shall be treated as follows under this Plan:

# United States Bankruptcy Court

Southern District Of Ohio, Eastern Division

| | | |
|---|---|---|
| **In re:** | : | **Case No. 09-54675** |
| | : | **Chapter 11** |
| **HIGH-MARKET CORPORATION,** | : | |
| | : | **Judge Caldwell** |
| **Debtor/Debtor-In-Possession** | : | |

**PLAN OF REORGANIZATION OF HIGH-MARKET CORPORATION, DATED JUNE 28, 2010**

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of High-Market Corporation, the "Debtor" from cash flow of operations.

This Plan provides for One class of secured claims; One class of unsecured claims; One class of executory contract holders, and One classes of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 100 cents on the dollar. This Plan also provides for the payment of administrative and priority claims which shall be paid in full in cash either within 30 days of confirmation of the plan or no later than 4 years after such effective date, whichever is later.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01　Class 1.　All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).

2.02　Class 2.　The claim of Fifth Third Bank on its First and Second mortgages, as allowed secured claims under § 506 of the Code.